# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL ANTOINE, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff*, | |
| v. | Case No. |
| AARON'S, INC., a Georgia corporation, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Daniel Antoine ("Plaintiff" or "Antoine") brings this class action complaint against Defendant Aaron's, Inc. ("Defendant" or "Aaron's") for its willful violations of the Fair Credit Reporting Act ("FCRA" or the "Act"). Specifically, Plaintiff challenges Defendant's failure to provide pre-adverse action notices required under the FCRA to its job applicants and employees—including a copy of the consumer reports relied upon and a summary of the applicants' or employees' FCRA rights—prior to taking any adverse action based in whole or in part on the information obtained through the procurement of such consumer reports. Plaintiff, for his class action complaint, alleges as follows upon personal

1

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA expressly acts to protect both applicants for employment and existing employees from adverse employment action taken as the result of potentially inaccurate information. To that end, employers who seek to obtain and use consumer reports regarding their applicants and employees are required to provide express disclosures and a summary of rights prior to taking any adverse employment action against the applicants and employees based on information contained in the reports.

2. Here, Aaron's has willfully violated the FCRA by procuring background checks and consumer reports about its job applicants and employees but failing to provide such applicants and employees with copies of the reports and a summary of their FCRA rights before taking adverse action against them.

3. In short, in violation of the FCRA Aaron's fails to provide its applicants and employees with both a copy of the background checks/consumer

reports it procures together with a description of their rights under the FCRA before taking adverse employment action against them, where the adverse action is based in whole or in part on the consumer report. *See* 15 U.S.C. § 1681b(b)(3).

4. As a result of Aaron's willful violations of the Act, job seekers, such as Plaintiff Antoine, are deprived of rights guaranteed to them by federal law and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

5. Plaintiff Daniel Antoine is a natural person and a citizen of the State of Missouri. He resides in Kansas City, Missouri.

6. Defendant Aaron's, Inc. is a corporation incorporated in and existing under the laws of the State of Georgia with its principal place of business located at 309 East Paces Ferry Road NE, Atlanta, Georgia 30305. Aaron's does business throughout the United States and the State of Georgia, including in this District.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which is a federal statute.

8. This Court has personal jurisdiction over Defendant because it

conducts business in this District, is headquartered and registered to do business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is headquartered in in this District, and Plaintiff's claims arose in substantial part out of corporate actions and policies that were decided upon within this District and which have emanated from this District.

## FACTS COMMON TO ALL COUNTS

10. In using a consumer report for employment purposes, the FCRA mandates that an employer (or prospective employer) must provide to the consumer to whom the report relates with a copy of the report and a description in writing of the rights of the consumer under the FCRA. Importantly, the provision of these two required items must occur before any adverse action takes place that is based in whole or in part on the report.

11. In direct contrast to the FCRA's requirements, Aaron's has and continues to take adverse employment action against its applicants and employees without providing the written materials required under 15 U.S.C. § 1681b(b)(3). Specifically, Aaron's does not provide applicants and employees with a copy of their consumer report and a description of their rights under the FCRA *before*

taking adverse action against them—such as denying or terminating employment—based upon information contained within the consumer report.

12. Rather, any copy of the report or description of rights required under the FCRA is provided *after* the applicant or employee has already been notified about the adverse action—stripping applicants and employees of their ability to explain any errors or discrepancies present in the reports.

13. Aaron's uses a third party, Accurate Background, Inc. ("Accurate Background"), based in Irvine, California, to procure its background checks and reports. Such background checks and reports constitute consumer reports under the FCRA as they contain information bearing on an applicant or employee's mode of living and other relevant information.

14. Although Accurate Background offers its clients—like Aaron's—an FCRA compliance service that ostensibly includes pre-adverse action notices, Aaron's has made the conscious decision to forego hiring Accurate Background to send such notices. And rather than send any pre-adverse action notice on its own, Aaron's simply ignores this requirement under the FCRA entirely.

15. Aaron's maintains more than 2,000 company-operated and franchised stores and requires that its employees undergo a background check as a condition of employment. Aaron's, as a matter of company policy, does not provide the

background check or other consumer report relied upon until after it has taken adverse action. As a result, hundreds if not thousands of Aaron's employees and applicants have had their rights to pre-adverse action notices (together with a copy of their reports and a summary of their rights under the FCRA) and privacy rights willfully violated and have been denied the opportunity, contemplated by the FCRA, to explain the circumstances surrounding any information in such reports.

### FACTS RELATING TO PLAINTIFF ANTOINE

16.   Plaintiff Daniel Antoine posted a resume online at the job site www.careerbuilder.com.

17.   A short time later, Antoine received a phone call from a manager named Bill at Aaron's in Missouri and was asked to come to Defendant's store in Kansas City for an interview for a sales position at Aaron's. The position was not one that is regulated by the Department of Transportation.

18.   There, Antoine engaged in the interview with Bill and a district manager and answered all questions asked of him. At the end of the interview, the interviewer informed Antoine that he would be hired but that first Aaron's would need to perform a background check.

19.   The interviewer then proceeded to run the background check by accessing Accurate Background's website or a similar site. Upon completion of the

background check, the Aaron's interviewer informed Antoine that he would not be hired because of information contained within the background check. The interviewer did not provide Antoine with a copy of the background check or a description of Antoine's rights under the FCRA at that time.

20. A few days later, Antoine contacted Aaron's and asked if he could see a copy of the report. The Aaron's employee provided Antoine with the contact information for Accurate Background. Antoine promptly contacted Accurate Background and requested a copy of the report that Aaron's had procured about him.

21. Thereafter Antoine received an email from Accurate Background Inc. instructing him to sign onto Accurate Background's website and enter a specific code. Antoine did so and, upon entry, was presented with a copy of the background check that Aaron's had procured about him from Accurate Background.

22. The background check contained inaccurate information, including information suggesting that Antoine had a felony conviction, which was not accurate.

23. However, prior to the time Aaron's took such adverse action, Aaron's failed to provide Antoine with a copy of the report or with a summary of his FCRA

rights. As such, Aaron's denied him the opportunity to explain the inaccuracies or circumstances in the report so that he could potentially still gain employment.

24.   In sum, Aaron's took an adverse employment action against Antoine based on information obtained in a consumer report without first providing Antoine a copy of the report and a description of his FCRA rights—a plain violation of the FCRA and a violation of Antoine's privacy and other statutory rights.

25.   Because of the adverse employment action taken against Plaintiff based upon his consumer report and failure to provide a copy of the report together with a description of Antoine's rights under the FCRA before it took adverse action, Aaron's has willfully denied Plaintiff the rights guaranteed to him by the FCRA. These include privacy rights and the opportunity to explain any of the information contained in the reports. Such a denial entitles him to statutory damages of not less than $100 and not more than $1,000 for each willful violation.

## CLASS ACTION ALLEGATIONS

26.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class defined as follows:

> All persons in the United States who were subject to adverse employment action on or after July 1, 2012 based in whole or in part on any consumer report procured by Defendant, and who did not receive either a copy of the report or a summary of rights before

Defendant Aaron's took such adverse action as required under 15 U.S.C. § 1681b(b)(3).

27. **Numerosity**: The exact number of the members of the Class is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. Defendant has thousands of employees and likely hundreds, if not thousands, of job applicants were not provided with proper reports and documentation during the Class period before adverse action was taken against them.

28. **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

(a) whether Defendant's conduct described herein violated the FCRA;

(b) whether Defendant has procured or caused to be procured consumer reports to investigate prospective employees and existing employees;

(c) whether Defendant has taken adverse employment actions based upon information contained within its applicants' and employees' consumer reports without providing a copy of such reports to the applicants or employees before taking such adverse actions;

(d) whether Defendant has taken adverse employment action based upon information contained within an applicant's or employee's consumer report without providing the applicant or employee with a written description of their rights under 15 U.S.C. § 1681; and

(e) the proper measure of statutory damages and declaratory and injunctive relief.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, as Plaintiff and other members of the Class suffered the same type of harm and sustained similar damages arising out of essentially the same unlawful conduct of Aaron's's willful failure to abide by the FCRA.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of the Class, Plaintiff has no interest antagonistic to any other members of the Class, and Defendant has no defenses unique to the Plaintiff.

31. **Predominance, Superiority and Manageability**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable. The damages suffered by the individual

members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Indeed, Class Members should be readily identifiable from the Defendant's records. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**COUNT I**
**Violation of 15 U.S.C. § 1681b(b)(3)(A)**
**(On Behalf of Plaintiff and the Class)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33. The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in

>  whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
>  (i) a copy of the report; and
>  (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

34. The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

35. Defendant violated § 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Class with a copy of their consumer report and/or a description of their rights under the FCRA before taking adverse employment action against them. Instead, Aaron's only makes such reports and descriptions available after it has already taken such adverse action.

36. Aaron's obtained a consumer report about Plaintiff after he applied for employment. Based in whole or in part on information contained within Plaintiff's consumer report, Defendant declined to give Plaintiff an offer of employment—an adverse employment action.

37. In violation of § 1681b(b)(3)(A), Defendant willfully failed to provide Plaintiff with his consumer report and a written description of his rights before taking such adverse action.

38. After it took an adverse action against Plaintiff, Defendant's representative orally informed Plaintiff of what information it was relying upon in the consumer report in choosing to take an adverse action, but it never permitted Plaintiff to view the report or a description of his rights prior to taking such adverse actions.

39. Further, Aaron's relied upon inaccurate information (the report it procured mischaracterized the nature of Plaintiff's past conduct). Had Aaron's properly provided Plaintiff a copy of the report and a summary of his FCRA rights, Plaintiff would have had the opportunity, as contemplated by the FCRA, to dispute the accuracy of the information Aaron's was relying upon. Aaron's denied Plaintiff that opportunity.

40. Defendant's violation of 15 U.S.C. § 1681b(b)(3)(A) was willful. The rule that a copy of the report relied upon and a summary of FCRA rights must be sent to a person whom an adverse action will be taken against before such adverse action is taken is well established. Aaron's is a large corporation that regularly engages counsel—it had ample means and opportunity to seek legal advice

regarding its FCRA responsibilities. Further, there is a glut of judicial and administrative guidance—dating back to the 1990's—regarding a corporation's FCRA responsibilities. This readily-available guidance means Aaron's either was aware of its responsibilities or should have been aware of its responsibilities, but violated the FCRA anyway. Accurate Background likewise provides services that ostensibly would have brought Defendant into compliance with the FCRA, but Defendant declined to hire Accurate Background to perform such services.

41. Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

42. Accordingly, under the FCRA, Plaintiff and the Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Antoine, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Daniel Antoine as the representative of the Class, and appointing his counsel as Class Counsel;

B.     An award of statutory damages;

C.     An injunction requiring Defendant to provide proper disclosures and information as required under 15 U.S.C. § 1681b(b)(3);

D.     Declaratory relief stating that Defendant's conduct violates the FCRA;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such further and other relief as the Court deems reasonable and just.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**DANIEL ANTOINE**, individually and on behalf of all others similarly situated,

Dated: July 3, 2014     /s/Jennifer Auer Jordan
One of Plaintiff's Attorneys

Jennifer Auer Jordan
Ga. Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 880
Atlanta, Georgia 30309
Tel: 404.445.8400
Fax: 404.445.8477

## **LOCAL RULE 5.1 CERTIFICATION**

I, Jennifer Auer Jordan, hereby certify that on July 3, 2014, I filed the above and foregoing ***Class Action Complaint and Demand for Jury Trial*** with the Clerk of the Court and that such paper complies with Local Rule 5.1 and was prepared using a typeface of 14 points in Times New Roman.


/s/Jennifer Auer Jordan