IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL ANTOINE, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>AARON'S, INC., a Georgia corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:14-cv-02120-AT-WEJ<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND DEFENSES OF DEFENDANT AARON'S, INC.'S
TO PLAINTIFF'S COMPLAINT**

Defendant, Aaron's, Inc. ("Aaron's"), files its Answer and Defenses to Plaintiff's Class Action Complaint And Demand For Jury Trial ("Complaint").

**ANSWER**

In answering the Complaint, Aaron's denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint, including the paragraph beginning on page 1 preceding the heading titled "Nature of the Case." In response to the specific allegations in the enumerated paragraphs in the Complaint, Aaron's responds as follows:

1. Aaron's states that the provisions of the Fair Credit Reporting Act ("FCRA") speak for themselves, and to the extent Plaintiff misstates or mischaracterizes those provisions, the allegations are denied.

2. Aaron's denies the allegations in Paragraph 2.

3. Aaron's denies the allegations in Paragraph 3.

4. Aaron's denies the allegations in Paragraph 4.

5. Aaron's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Aaron's admits the allegations in Paragraph 6.

7. Aaron's admits the allegations in Paragraph 7.

8. Aaron's admits that this Court has personal jurisdiction over Aaron's.

9. Aaron's admits that venue is proper in this District.

10. Aaron's states that the provisions of the FCRA speak for themselves, and to the extent Plaintiff misstates or mischaracterizes those provisions, the allegations are denied.

11. Aaron's denies the allegations in Paragraph 11.

12. Aaron's denies the allegations in Paragraph 12.

13. Aaron's admits that it used Accurate Background, Inc. ("Accurate Background"), based in Irvine, California, to procure a background check on

Plaintiff.  Aaron's states that the allegations in the second sentence in Paragraph 13 constitute a legal conclusion to which no response is required.  Aaron's denies the remaining allegations in Paragraph 13.

14. Aaron's denies the allegations in Paragraph 14.

15. Aaron's denies the allegations in Paragraph 15.

16. Aaron's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Aaron's admits the allegations in Paragraph 17.

18. Aaron's admits the allegations in the second sentence in Paragraph 18.  Aaron's also admits that Plaintiff engaged in the interview with Bill and the Assistant Regional Manager.  Aaron's is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18.

19. Aaron's denies the allegations in Paragraph 19.

20. Aaron's admits the allegations in the second sentence in Paragraph 20.  Aaron's is without knowledge or information sufficient to form a belief as to the allegations in the third sentence in Paragraph 20.  Aaron's denies the remaining allegations in Paragraph 20.

21. Aaron's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Aaron's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Aaron's states that Accurate Background would provide Plaintiff with a copy of his consumer report if requested and, therefore, denies the allegations in the first sentence in Paragraph 23. Aaron's denies the remaining allegations in Paragraph 23.

24. Aaron's denies the allegations in Paragraph 24.

25. Aaron's denies the allegations in Paragraph 25.

26. Aaron's admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a putative class defined in Paragraph 26, but denies that this case is appropriate for class certification.

27. Aaron's denies that this case is appropriate for class treatment and, therefore, denies the allegations in Paragraph 27.

28. Aaron's denies the allegations in Paragraph 28, including all subparts.

29. Aaron's denies the allegations in Paragraph 29.

30. Aaron's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Aaron's denies the allegations in Paragraph 31.

32. Aaron's incorporates by reference its responses to the allegations in the preceding paragraphs as if fully set forth herein.

33. Aaron's states that the language of 15 U.S.C. § 1681b(b)(3) purportedly quoted in Paragraph 33 speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the language of that provision, the allegations are denied.

34. Aaron's states that the language of 15 U.S.C. § 1681a(k)(1)(B)(ii) purportedly quoted in Paragraph 34 speaks for itself, and to the extent that Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the language of that provision, the allegations are denied.

35. Aaron's denies the allegations in Paragraph 35.

36. Aaron's admits the allegations in Paragraph 36.

37. Aaron's denies the allegations in Paragraph 37.

38. Aaron's denies the allegations in Paragraph 38.

39. Aaron's denies the allegations in Paragraph 39.

40. Aaron's denies the allegations in Paragraph 40.

41. Aaron's denies the allegations in Paragraph 41.

42. Aaron's admits that Plaintiff purports to seek statutory damages and other relief as identified in Paragraph 42, but Aaron's denies that Plaintiff is entitled to any relief from Aaron's in this case.

43. Aaron's denies that Plaintiff is entitled to any of the relief sought in the "Prayer for Relief" immediately following Paragraph 42.

44. Aaron's demands a trial by jury on all issues so triable.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Aaron's pleads the following defenses to the Complaint:

### First Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim against Aaron's upon which relief can be granted.

### Second Defense

Plaintiff's damages, if any, were not proximately caused by Aaron's, but by other persons or entities for whom and for which Aaron's is not responsible.

### Third Defense

Plaintiff's claims do not meet the requirements, in whole or in part, of Federal Rule of Civil Procedure 23 and, therefore, cannot be maintained as a class action.

### Fourth Defense

Plaintiff's claims, both individually and on behalf of the proposed class, for injunctive relief should be dismissed because injunctive relief is not available under the FCRA.

### Fifth Defense

Aaron's pleads mitigation of damages, including that Plaintiff did not initiate a formal dispute of any items appearing on his consumer report provided by Accurate Background.

### Sixth Defense

Aaron's complied with the FCRA in using Plaintiff's credit file for employment purposes and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

### Seventh Defense

Plaintiff's request for declaratory relief, both individually and on behalf of the proposed class, should be dismissed because such relief is not available under the FCRA.

**Eighth Defense**

Plaintiff's claims for willful violations of the FCRA do not meet the standards set forth in *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007), or the requirements of 15 U.S.C. § 1681n.

**Ninth Defense**

Aaron's reserves the right to add additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Aaron's prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety with prejudice and all costs taxed against Plaintiff;

(2)  Plaintiff's request for class certification be denied;

(3)  Aaron's be dismissed as a party to this action;

(4)  Aaron's recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(5)  Aaron's recover such other and additional relief, as the Court deems just and appropriate.

Dated:  August 29, 2014.                    Respectfully submitted,

                                                          KING & SPALDING LLP

                                                          By:   /s/ Barry Goheen
                                                          Barry Goheen (Ga. Bar No. 299203)
                                                          1180 Peachtree Street N.E.
                                                          Atlanta, Georgia  30309-3521
                                                          Tel:  (404) 572-4600
                                                          Fax:  (404) 572-5100
                                                          Email:  bgoheen@kslaw.com
                                                          *Attorneys for Aaron's, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14 point New Times Roman was used for this Answer and that it has been formatted in compliance with Local Rule 5.4.

This 29th day of August, 2014.

/s/ Barry Goheen

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I electronically filed Answer And Defenses Of Defendant Aaron's, Inc.'s To Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

>Jennifer Auer Jordan
>The Jordan Firm, LLC
>1447 Peachtree Street, N.E., Suite 880
>Atlanta, Georgia 30309

>/s/ Barry Goheen
>Attorney for Aaron's, Inc.