# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL ANTOINE, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>AARON'S, INC., a Georgia corporation,<br><br>*Defendant*. | Case No. 1:14-cv-02120-AT-WEJ |

## AGREED MOTION TO MODIFY SCHEDULING ORDER ENTERED SEPTEMBER 30, 2014 (Dkt. 14)

The Parties, Daniel Antoine ("Antoine" or "Plaintiff") and Aaron's, Inc. ("Aaron's" or "Defendant") being in agreement, hereby respectfully move the Court to modify the Scheduling Order entered September 30, 2014 (Dkt. 14) as follows:

1. Plaintiff Antoine's Complaint alleges a putative nationwide class action for a single count under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") (Dkt. 1.)

2. Antoine claims that Aaron's violates the FCRA by failing to provide copies of consumer reports along with a summary of FCRA rights to its applicants and employees prior to taking adverse employment action against them.

3. Aaron's has filed an Answer denying the allegations. (Dkt. 12.)

4. On September 29, 2014, the Parties submitted a Joint Report and Discovery Plan requesting a 10-month period for discovery related to both class certification and merits related issues, as well as discovery related to experts. (Dkt. 13.) At the close of the discovery, the Parties would brief the issue of whether class certification under Rule 23 was appropriate. Following a decision on class certification the Court would set deadlines related to summary judgment and trial.

5. On September 30, 2014, the Court entered a Scheduling Order (Dkt. 14) adopting a 4-month discovery period and setting forth the following deadlines:

| Event | Deadline |
| --- | --- |
| Motion to Amend Pleadings | October 28, 2014 |
| Complete Discovery | January 28, 2015 |
| Deadline to move for summary judgment | February 27, 2015 |
| Consolidated Pretrial Order | February 27, 2015 if no summary judgment filed or within 30 days following final ruling on any motion for summary judgment that is not dispositive of all claims |
| Trial | To be set following approval of Consolidated Pretrial Order |

6. Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). "This good cause standard

precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted).

7. Good cause to modify the Scheduling Order exists here. In the instant case, the Scheduling Order's provision of only 4 months for discovery does not allow sufficient time for the Parties to complete discovery, including the extensive discovery that will be required related to electronically stored information ("ESI"), experts, class certification issues, and the merits of the Parties' claims and defenses.

8. This case is a putative nationwide class action and will necessarily require extensive discovery, including the search, gathering, and production of extensive ESI, including ESI regarding the number and identities of job applicants and employees about whom Aaron's obtained a consumer report and against whom Aaron's took an adverse employment action. Discovery will also be required regarding: (1) Aaron's processes, policies, procedures for obtaining and its use of consumer reports, (2) Aaron's providing copies of such reports together with the required FCRA summary of rights to applicants and employees and the timing of such disclosures, (3) Aaron's ability to identify job applicants or employees who were not provided such materials and against whom adverse action was taken, and (4) emails regarding each of the above categories from

3

relevant custodians. Such fact-finding will necessarily involve written discovery (requests for documents, interrogatories) as well as multiple depositions.

9. Third party discovery will also be required into the consumer reporting agencies, such as Accurate Background, Inc., that Aaron's used to obtain its consumer reports about job applicants and employees.

10. In addition, discovery will also require the use of experts. Plaintiff anticipates potentially retaining experts regarding: (1) industry standards for providing pre-adverse action notices and disclosures, (2) statistical sampling, (3) modeling of class member damages, and (4) the ability of Defendant and third-parties to identify class members.

11. Aaron's anticipates that it may call rebuttal experts and reserves the right to designate additional experts at the appropriate time.

12. Following the completion of such discovery the Parties would brief the issue of whether the case is suitable for class treatment. Plaintiff would file a motion for class certification, Defendant would have time thereafter to file a response, and Plaintiff would thereafter file any reply. Following a hearing and decision on class certification deadlines would be set for any motion for summary judgment.

13. The instant motion is not being filed for the purpose of delay, nor has any Party delayed in bringing the instant motion or engaging in discovery.

Plaintiff already served his first set of Requests for Documents, Interrogatories, Requests for Admission, and a Rule 30(b)(6) deposition notice on September 29, 2014—as soon as the discovery period commenced. Further, no delay occurred in bringing this motion: it is being filed 1 day following the Court's entry of the Scheduling Order that the Parties request be modified.

14. As such, good cause exists for granting the quested modification to the Scheduling Order.

15. Accordingly, the Parties respectfully request that the Scheduling Order be modified with dates as reflected in the chart below:

| **Event** | **Proposed Deadline** |
| --- | --- |
| Motion to Amend Pleadings | October 28, 2014 |
| Expert Disclosures | May 25, 2015 |
| Rebuttal Expert Disclosures | June 22, 2015 |
| Complete Discovery | July 27, 2015 |
| Deadline to move for Class Certification | August 10, 2015 |
| Aaron's Response to Class Certification | September 7, 2015 |
| Plaintiff's Reply in Support of Class Certification | September 28, 2015 |
| Deadline to move for Summary Judgment | To be set following any decision on class certification |
| Consolidated Pretrial Order | Same as deadline for summary judgment motions if no summary judgment filed or within 30 days following final ruling on any motion for summary judgment that is not dispositive of all claims |
| Trial | To be set following approval of |

|   | Consolidated Pretrial Order |
|---|---|

16. The proposed deadlines should afford the Parties with sufficient time to gather facts in support of their claims and defenses related to both class certification issues and the merits. No party will be prejudiced by the modification.

WHEREFORE the Parties, Plaintiff Daniel Antoine and Defendant Aaron's, Inc., being in agreement, respectfully request that the Court modify the Scheduling Order entered September 30, 2014 and award such additional relief as the Court deems necessary and just.

Date: October 1, 2014                                   Respectfully submitted,


/s/ Steven L. Woodrow                    /s/ Barry Goheen
Counsel for Plaintiff                            Counsel for Defendant

Steven Woodrow                               Barry Goheen
Edelson PC                                        King & Spalding
999 West 18th Street                         1180 Peachtree Street
Suite 3000                                          Atlanta, Georgia 30309
Denver, Colorado 80202